# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RONALD DWAYNE BIBB,**

    **Plaintiff,**

                                                Case No. 2:20-cv-6491

    vs.                                              Judge Edmund A. Sargus, Jr.

                                                Magistrate Judge Elizabeth P. Deavers

**MALEK AND MALEK,** *et al.*,

    **Defendants.**

---

**RONALD DWAYNE BIBB,**

    **Plaintiff,**

                                                Case No. 2:20-cv-6541

    vs.                                              Judge Edmund A. Sargus, Jr.

                                                Magistrate Judge Elizabeth P. Deavers

**MALEK AND MALEK,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Ronald Dwayne Bibb, an Ohio resident proceeding without the assistance of counsel, brings these related actions[1] arising from events allegedly dating back to 1962. This matter is before the Undersigned for an initial screen of Plaintiff's Complaints under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaints, or any portion of them, which is frivolous, malicious, fails to state a claim

---

[1] Case No. 2:20-cv-6491 is hereafter referred to as "*Bibb I*" and Case No. 2:20-cv-6541 is hereafter referred to as "*Bibb II*."

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

**II.**

Plaintiff, proceeding without the assistance of counsel, asserts a collection of mostly disjointed and scatter-shot allegations against Defendants Malek and Malek, Sinclair Broadcast Group Inc. ("Sinclair"), NBC News and affiliates ("NBC"), Viacom CBS and affiliates ("CBS"), Trinity Health Company/Mt. Carmel, Mastercard Headquarter Corp., Ohio Health Grant Medical Center, AT&T Corporation, Coldwell Banker, Enterprise Rent-A-Car, and Franklin Federal Savings and Loan Association.[2] (*See Bibb I*, ECF No. 2; *Bibb II*, ECF No. 1.)

Plaintiff's Complaints are unlike most pleadings filed in this Court, even given Plaintiff's *pro se* status. First, as a preliminary matter, Plaintiff's Complaints are procedurally deficient on their face, as they do not clearly state the legal injury he allegedly suffered. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Beyond that, however, Plaintiff's Complaints also fail to state a comprehensible factual theory. Even affording Plaintiff's

---

[2] Defendants Malek and Malek, Sinclair, NBC, and CBS are the only named Defendants in *Bibb I*, but all of the Defendants are named in *Bibb II*.

Complaints the most liberal construction, they can only be understood as a collection of unrelated and incoherent conspiracy theories against a seemingly arbitrary set of Defendants.

Plaintiff's allegations do not arise out of one event or a series of events, but rather they appear to span across several unconnected moments in Plaintiff's life, allegedly dating back to 1962.  From what the Court can discern, Plaintiff's allegations include, but are not limited to, the following conspiracy theories:  that AT&T, the FBI, the Ohio Mental Health Board, and various local law enforcement agencies are working in concert to monitor people and steal personal identities through handwriting and home computer systems; that various media outlets are "tied into computer chips and tracking devices" that they have in Plaintiff (and that in an effort to control and manipulate his mind, they have had FM and AM frequencies in his inner ears for most of his life); that Plaintiff has been victimized by identity and insurance fraud throughout his life; and that Plaintiff has been repeatedly stalked throughout his life.  (*Id.*)  Plaintiff also details a long personal history of serious medical injuries and treatment, including prolonged treatment at a mental health crisis center.  (*Id.*)  To that end, Plaintiff suggests that he has been subjected to experimental drugs by doctors without his consent, and he alleges that he has been "poked and prodded because of [his] holy blood line and or seed line."  (*Id.*)  Plaintiff also alleges he has been victimized by "political fraud" and "political revenge," but he provides no further detail. (*Id.*)  Plaintiff attaches various documents to his Complaints, but they do not add context or clarity to Plaintiff's allegations.  (*Id.*)  Plaintiff seeks $250 million in damages in each lawsuit. (*Bibb I*, ECF No. 2, at PAGEID # 14; *Bibb II*, ECF No. 1, at PAGEID # 6.)

Plaintiff's allegations are fanciful and delusional, and they are precisely the type of allegations for which dismissal for frivolity under section 1915(e)(2)(B)(i) was designed. *Williams-Starr v. Twin Valley Behavioral Healthcare Hosp.*, No. 2:20-CV-4105, 2020 WL

4673403, at *3 (S.D. Ohio Aug. 12, 2020), *report and recommendation adopted*, No. 2:20-CV-4105, 2020 WL 5230797 (S.D. Ohio Sept. 2, 2020) ("Because Plaintiff's Complaint is premised on incomprehensible allegations, the Undersigned finds Plaintiff has failed to state a plausible claim for relief, and her complaint should be dismissed as frivolous."); *Montgomery v. Lynch*, No. 2:20-CV-842, 2020 WL 950145, at *2 (S.D. Ohio Feb. 27, 2020), *report and recommendation adopted*, No. 2:20-CV-842, 2020 WL 5416627 (S.D. Ohio Mar. 25, 2020) ("Because Plaintiff's Complaint is premised on incomprehensible allegations, the Undersigned finds Plaintiff has failed to state a plausible claim for relief and it is recommended that this action be dismissed as frivolous."); *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *3 (S.D. Ohio Jan. 31, 2014), *report and recommendation adopted*, No. 2:14-CV-84, 2014 WL 2535232 (S.D. Ohio June 5, 2014) ("Because Plaintiff's claims are predicated upon irrational and delusional allegations, the Undersigned finds that he has failed to state a plausible claim to relief."). Accordingly, because Plaintiff's Complaints are premised on incomprehensible allegations, the Undersigned finds Plaintiff has failed to state a plausible claim for relief and **RECOMMENDS** that his Complaints should be dismissed as frivolous. *Id.*

### III.

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED: February 12, 2021

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**